UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES RICHARD STIEHL,

    Petitioner,

v.                                                Case No. 2:10-cv-76
                                                HON. GORDON J. QUIST

JEFFREY WOODS, WARDEN

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner James Richard Stiehl filed this petition for writ of habeas corpus challenging the validity of his conviction of operating a motor vehicle while under the influence of intoxicants, third offense, and operating a motor vehicle under a suspended license. Petitioner was sentenced to three to twenty years imprisonment. Petitioner raises five grounds for relief:

    I.    Ex post facto constitutional provisions prevent the use of the second prior OUIL conviction to enhance an OUIL third offense. Therefore Petitioner's conviction for OUIL third should be reduced to an OUIL second.

    II.    Petitioner's conviction for OUIL should be overturned because there was insufficient evidence at trial to prove the petitioner guilty of the crime.

    III.    Trial court errors deprived Petitioner of a fair trial and his due process rights. These alleged errors include: instructional errors, evidentiary and procedural rulings, not being allowed an evidentiary hearing, and failing to control the prosecutor.

    IV.    The prosecutor's actions denied Petitioner a fair trial and due process rights under the federal and Michigan constitutions.

>   V.   Petitioner was denied his due process rights to a preliminary exam because of false pretenses. Once Petitioner was bound over to District Court, Petitioner was not granted any formal arraignment on the charges against him, which is a violation of constitutional amendments IV, V, VI, and XIV.

The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the

Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by

a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that the 2006 amendment to M.C.L. § 257.625(9)(c), which eliminated the ten year limitation on prior drunk driving convictions for enhancement purposes, violates the Ex Post Facto Clause. Petitioner's latest violation occurred on July 22, 2007 (Tr., Docket #22, p. 88), and the judgment of his conviction was January 7, 2008. The Ex Post Facto Clause prohibits enactments that "retroactively alter the definition of crimes or increase the punishment for criminal acts." *Cal. Dept. Of Corr. v. Morales*, 514 U.S. 499, 504 (1995). In order for a criminal or penal law to cause an ex post facto violation, it must apply to events occurring before its enactment and it must disadvantage the offender. *Weaver v. Graham*, 450 U.S. 24, 29 (1981). The United States Supreme Court held that the Ex Post Facto Clause was not violated when one of the convictions used to classify the petitioner as a fourth felony habitual offender occurred before the enactment of the Pennsylvania Habitual Criminal Act. *Gryger v. Burke*, 334 U.S. 728 (1948). The Court explained that:

> Nor do we think the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act was passed, makes the Act invalidly retroactive or subjects the petitioner to double jeopardy. The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.

*Id*. at 732.

Here, Petitioner's enhanced OUIL conviction was based on his prior intoxicated driving convictions. Rather than an additional penalty for the earlier crime, the enhancement simply increased his penalty for the later offense. The Michigan Court of Appeals stated:

> This Court has concluded that the amendment to MCL 257.625(9)(c) that eliminated the ten-year limitation on prior convictions for enhancement purposes does not violate due process or the prohibition against ex post facto laws. *People v Sadows*, 283 Mich App 65, 67-70; 768 NW2d 93 (2009); *People v Perkins*, 280 Mich App 244, 251-252; 760 NW2d 669 (2008), aff'd 482 Mich 1118 (2008). This challenge is without merit, MCR 7.215(C)(2).

In the opinion of the undersigned, the Michigan Court of Appeals' decision was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court, and the claim is properly dismissed.

Petitioner claims that there was insufficient evidence to convict him of OUIL, third offense. Since the evidence must be viewed in the light most favorable to the prosecution, the expert's estimate of Petitioner's BAC (.09) at the time of the accident must be viewed as accurate. The Michigan Court of Appeals explained:

> Defendant argues that there was insufficient evidence to support his conviction for OWI 3rd when the prosecutor relied upon circumstantial evidence, the credibility of the evidence was lacking, and the expert's "relation back" testimony was speculative. We disagree. When the sufficiency of the evidence to sustain a conviction is questioned, we review the evidence in the light most favorable to the prosecution to determine if a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Cline*, 276 Mich App 634, 642; 741 NW2d 563 (2007). It is acceptable for the elements of the crime to be proven by circumstantial evidence and reasonable inferences that arise from the evidence. *People v Schumacher*, 276 Mich App 165, 167; 740 NW2d 534 (2007). The standard of review defers to the determination rendered by the jury. That is, we must draw all reasonable inferences and make credibility assessments in support of the jury verdict. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78

> (2000). The prosecutor must prove the elements of the crime beyond a reasonable doubt; it is unnecessary for the prosecutor to disprove every reasonable theory consistent with innocence. *Id*. Therefore, the prosecutor need only convince the jury in light of whatever contradictory evidence that is presented by the defense. *Id*.
>
> OWI requires proof beyond a reasonable doubt that defendant drove with a blood alcohol content (BAC) of .08 grams or more of alcohol per 100 milliliters of blood, or that defendant drove while under the influence of alcohol, controlled substances, or a combination of both. MCL 257.625(1). The prosecutor is permitted to allege both alternate theories, and the jury may return a general verdict. *People v Nicolaides,* 148 Mich App 100, 103-104; 383 NW2d 620 (1985). Viewing the evidence in the light most favorable to the prosecution, *Cline, supra*, there was sufficient evidence presented to enable a rational trier of fact to conclude that defendant was guilty of OWI under either alternate theory. The evidence indicated that defendant had a BAC of .06 two hours after the accident, and based on a standard elimination rate, as testified to by the prosecutor's expert, his BAC was .09 at the time of the accident. The challenge to the expert's testimony as speculative is without merit; rather, the weight and credibility of the evidence presented an issue for the jury to resolve. *People v Wager*, 460 Mich 118, 126; 594 NW2d 487 (1999). Further, defendant failed to avoid the collision that ultimately led the police to come into contact with defendant, despite the fact that a car further ahead of him was able to stop in time. Defendant's breath smelled strongly of alcohol, and he admitted that he drank beer and vodka until the early morning hours on the day of the accident. Blood tests revealed that defendant was taking a prescription antidepressant, which was known to enhance the effect of alcohol. Viewing the circumstantial evidence and reasonable inferences, *Schumacher, supra*, in the light most favorable to the prosecution, *Cline, supra*, there was sufficient credible evidence to support the OWI 3rd conviction.

*People v. Stiehl,* Mich. Ct. App. No. 283641 (Sept. 15, 2009), at 1-2.

A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* It is clear that

the evidence was sufficient to establish that petitioner committed the crime. The Michigan Court of Appeals decision was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court; and did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore, the insufficient evidence claim is properly dismissed.

Petitioner also claims that the prosecutor's actions denied him a fair trial and his due process rights. Misconduct by a prosecutor can rise to the level of a due process violation. *Lundy v. Campbell*, 888 F.2d 467, 474 (6th Cir. 1989). However, before habeas corpus relief becomes available, the misconduct must be so egregious as to deny petitioner a fundamentally fair trial. *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1355 (6th Cir.1993). The habeas court must consider the extent to which the claimed misconduct tended to mislead the jury or prejudice the petitioner, whether it was isolated or extensive, and whether the claimed misconduct was deliberate or accidental. *See United States v. Young*, 470 U.S. 1, 11-12 (1985). In addition, the court may view any misconduct in light of the strength of the competent proofs tending to establish guilt. *See Angel v. Overburg*, 682 F.2d 605, 608 (6th Cir. 1982) (*en banc*). "When a petitioner makes a claim of prosecutorial misconduct, 'the touchstone of due process analysis ... is the fairness of the trial, not the culpability of the prosecutor.'" *Serra*, 4 F.3d at 1355 (quoting *Smith v. Phillips*, 455 U.S. 209, 219 (1982)).

Since Petitioner waived his preliminary hearing in order to preserve a plea offer from the prosecutor, and the prosecutor held the plea offer open until Petitioner rejected it, there was no misconduct. As stated by the Michigan Court of Appeals:

> On appeal, defendant also argues that his constitutional rights were violated by the prosecution's plea offer. The prosecutor offered to allow defendant to plead guilty to OWI 3rd, and in turn, the DWLS and habitual offender charge would be dismissed. Defendant waived his preliminary examination in order to preserve the plea offer for later decision, and signed the waiver. The trial court thereafter held the plea offer open past the deadline. Ultimately, defendant rejected the offer. The prosecution upheld its promise to defendant by keeping the offer open. Defendant waived any claim that he was coerced into waiving his preliminary examination, and he cannot now raise it as an error. *People v Carter,* 462 Mich 206, 215-216; 612 NW2d 144 (2000). The prosecutor's offer to dismiss two charges in exchange for a plea to one charge was not unduly coercive. *People v Ryan,* 451 Mich 30, 36; 545 NW2d 612 (1996). Further, any error would not amount to plain error requiring reversal where defendant was convicted as charged based on sufficient evidence, rendering any claim related to the preliminary examination harmless. *People v Libbett,* 251 Mich App 353, 357; 650 NW2d 407 (2002). Defendant's waiver of the preliminary examination authorized the prosecution to file the information, and defendant was properly bound over and went to trial. *People v Hunt,* 442 Mich 359, 362; 501 NW2d 151 (1993); MCR 6.110(A); MCR 6.112(B). Additionally, we cannot conclude that defendant was deprived of a fair trial based on the prosecutor's questioning of the witnesses, including the experts, when the evidence was relevant and admissible, MRE 401; MRE 403.

*People v. Stiehl,* Mich. Ct. App. No. 283641 (Sept. 15, 2009), at 5-6.  As the Michigan Court of Appeals' decision was not contrary to and did not result in an unreasonable application of clearly established federal law as determined by the Supreme Court, this claim is properly dismissed.

Petitioner claims that he was denied a formal arraignment. The Michigan Court of Appeals rejected that claim stating:

> Although we cannot locate defendant's arraignment on the information in the circuit court in the record, his constitutional right to notice of the charges against him was not violated. *People v Darden,* 230 Mich App 597, 600; 585 NW2d 27 (1998); US Const, Ams VI, XIV; Const 1963, art 1, § 20. Where a defendant "[goes] to trial as if an issue were formed, all participants acting as if all formalities had been complied with, [this] is equivalent to an arraignment and plea." *People v Weeks,* 165 Mich 362, 365; 130 NW

> 697 (1911) (citations omitted). The record reflects that defendant was arraigned in district court, he was advised of the charges against him at his preliminary examination waiver hearing, he moved to dismiss the charges, and he appeared before the trial court to reject the prosecution's plea offer. Defendant did not raise the arraignment issue until the third day of trial. Reversal is not required. *Id.* In addition, we conclude that the prosecution did not surpass its authority; the information adequately set forth the charges against defendant, and the prosecutor was authorized to file the information after the preliminary examination waiver. *Hunt, supra* at 362; MCR 6.112(D).
>
> Lastly, defendant has failed to demonstrate that his due process, equal protection, or double jeopardy rights were violated when the trial court instructed the jury that the BAC evidence may be considered in relation to both the OWI charge and the lesser alternative offense of operating a vehicle while impaired. Defendant was not convicted of both crimes, and the BAC evidence was relevant to establishing each offense. *People v Nutt,* 469 Mich 565, 574; 677 NW2d 1 (2004); CJI 2d 15.5. The trial court's instruction also did not classify defendant in a way that burdened a fundamental right. *People v McFall,* 224 Mich App 403, 413; 569 NW2d828 (1997).

*People v. Stiehl,* Mich. Ct. App. No. 283641 (Sept. 15, 2009), at 6.  As stated above, the record shows that petitioner was arraigned and advised of the charges against him and that he rejected the prosecution's plea offer.  In the opinion of the undersigned, the Michigan Court of Appeals' decision was not contrary to and did not result in an unreasonable application of clearly established federal law as determined by the Supreme Court; therefore this claim is properly dismissed.

Petitioner claims that the jury instructions, court rulings and the court's failure to control the prosecutor violated his constitutional rights.  Petitioner failed to preserve these issues for appeal at trial.  In rejecting these claims the Michigan Court of Appeals stated in part:

> Defendant next raises several alleged errors made by the trial court. In light of the fact that defendant dismissed his counsel during trial and proceeded in propria persona, the issues were not preserved by objection at trial.  Defendant's unpreserved instructional errors are

reviewed for plain error affecting his substantial rights. *People v Carines*, 460 Mich 750, 762-764; 597 NW2d 130 (1999).

The trial court's instructions did not violate defendant's right to a unanimous verdict. *People v Cooks*, 446 Mich 503, 510-511; 521 NW2d 275 (1994); US Const, Am VI; Const 1963, art 1, § 14. Jury unanimity is not required for alternate theories when the statute under which a defendant is charged lists alternate ways to commit the offense, but do not constitute separate and distinct offenses. *People v Asevedo*, 217 Mich App 393, 397; 551 NW2d 478 (1996). Defendant was permissibly charged with one count of OWI predicated on alternate theories (unlawful BAC or operating under the influence of alcohol), and the jury returned a general verdict. *Nicolaides, supra* at 103-104. There was no plain error.

We reject defendant's contention that the trial court improperly instructed regarding additional theories without notice to the defense. US Const, Am VI; Const 1963, art 1, § 20; *People v Unger*, 278 Mich App 210, 221; 749 NW2d 272 (2008). The trial court read MCL 257.625(1), the statute under which defendant was charged, to the jury. Defendant was not charged with driving while under the influence of a controlled substance, and the prosecutor never advanced that theory at trial. Moreover, the trial court instructed the jury that a prescription drug is not a controlled substance, and the prosecutor merely argued that the prescription antidepressant enhanced the effect of the alcohol, not that it was a controlled substance. Viewing the instructions as a whole, we find no error requiring reversal because the jury was not improperly allowed to convict defendant on a theory that he drove under the influence of a controlled substance or a combination of alcohol and a controlled substance. *People v Henry*, 239 Mich App 140, 151; 607 NW2d 767 (1999).

Furthermore, the trial court's instructions did not deprive defendant of a defense. US Const, Ams, VI, XIV; Const 1963, art 1, §§ 13, 17, 20; *People v Anstey*, 476 Mich 436, 460; 719 NW2d 579 (2006). The trial court correctly instructed the jury that "under the influence" means that a defendant's ability to drive was substantially lessened. *Oxendine v Secretary of State*, 237 Mich App 346, 353-354; 602 NW2d 847 (1999); CJI 2d 15.3(2). Defendant has failed to show that his alleged unpreserved instructional errors constituted plain error that affected his substantial rights. *Carines, supra* at 763-764.

*People v. Stiehl,* Mich. Ct. App. No. 283641 (Sept. 15, 2009), at 2-3.

When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001).

If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52. The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner clearly cannot establish cause or prejudice for failing to preserve these issues for appeal at trial. Furthermore, Petitioner's

claims fail on the merits for the reasons stated by the Michigan Court of Appeals. Accordingly, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could

not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: June 21, 2012