UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JAMES RICHARD STIEHL,

        Petitioner,

                                                                 Case No.2:10-cv-76

v.

                                                                HON. GORDON J. QUIST

JEFFREY WOODS, WARDEN,

        Respondent.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

      Petitioner has filed an Objection to the Report and Recommendation dated July 16, 2012, in which Magistrate Judge Greeley recommended that Petitioner's habeas petition be denied. Petitioner raised the following claims in his petition:

      I.      Ex post facto constitutional provisions prevent the use of the second prior OUIL conviction to enhance an OUIL third offense. Therefore Petitioner's conviction for OUIL third should be reduced to an OUIL second.

      II.     Petitioner's conviction for OUIL should be overturned because there was insufficient evidence at trial to prove the petitioner guilty of the crime.

      III.    Trial court errors deprived Petitioner of a fair trial and his due process rights. These alleged errors include: instructional errors, evidentiary and procedural rulings, not being allowed an evidentiary hearing, and failing to control the prosecutor.

      IV.    The prosecutor's actions denied Petitioner a fair trial and due process rights under the federal and Michigan constitutions.

      V.     Petitioner was denied his due process rights to a preliminary exam because of false pretenses. Once Petitioner was bound over to District Court, Petitioner was not granted any formal arraignment on the charges against him, which is a violation of constitutional amendments IV, V, VI, and XIV.

      The magistrate judge concluded that all of Petitioner's claims should be rejected because

they lack merit. First, regarding the 2006 amendment to M.C.L. § 257.625(9)(c), which Petitioner claims violates the Ex Post Facto Clause by eliminating the ten-year limitation on prior drunk driving convictions for enhancement purposes, the magistrate judge concluded that Petitioner's enhanced OUIL conviction was based on his prior intoxicated driving convictions and was not an additional penalty for an earlier crime. Second, the magistrate judge concluded that, when considered in the light most favorable to the prosecution, the evidence was sufficient to establish that Petitioner committed the crime. Third, the magistrate judge concluded that since Petitioner waived his preliminary hearing in order to preserve a plea offer from the prosecutor, and the prosecutor held the plea offer open until Petitioner rejected it, there was no misconduct. Fourth, the magistrate judge concluded that Petitioner was arraigned and advised of the charges against him. Finally, the magistrate judge concluded that Petitioner cannot establish cause or prejudice for failing to preserve issues pertaining to the trial court's rulings, jury instructions, and the trial court's failure to control the prosecutor for appeal at trial, and Petitioner's claims fail on the merits.

In his Objection, Petitioner focuses solely upon the claim that his due process rights were violated by the trial judge not providing him with an arraignment. Because Petitioner did not specifically object to any other portion of the magistrate judge's report and recommendation, the Court will treat those claims as waived. The Sixth Circuit has stated:

> This circuit has established that failure to file objections to a magistrate judge's report and recommendation constitutes a waiver of the right to appeal. *United States v. Real Prop. Located at 1184 Drycreek Rd., Granville, Ohio 43023*, 174 F.3d 720, 725 (6th Cir. 1999). [Plaintiff] did not file a timely objection. However, not only must objections be timely, they must also be specific; an objection to the report in general is not sufficient and results in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991).

*Thrower v. Montgomery*, 50 F. App'x 262, 263-64 (6th Cir. 2002).

After conducting a *de novo* review of the report and recommendation, as well as Petitioner's Objection – pertaining only to the arraignment issue – and the record, the Court concludes that the report and recommendation should be adopted and the petition denied.

With regard to Petitioner's due process claim, Petitioner alleges that he made a motion to the "Judge for a mistrial on the grounds of: NEVER HAVING BEEN ARRAIGNED IN CIRCUIT COURT, THUS VIOLATING MY DUE PROCESS RIGHTS[,]" and the "Report and Recommendation of Magistrate Judge Timothy [Greeley] is without merit and highly prejudicial." (Dkt. no. 33 p. 2, 3.)  The Michigan Court of Appeals rejected this argument stating:

> Although we cannot locate defendant's arraignment on the information in the circuit court in the record, his constitutional right to notice of the charges against him was not violated.  *People v. Darden*, 230 Mich. App. 597, 600, 585 N.W.2d 27 (1998); U.S. Const. Ams. VI, XIV; Const. 1963, art. 1, § 20.  Where a defendant "[goes] to trial as if an issue were formed, all participants acting as if all formalities had been complied with, [this] is equivalent to an arraignment and plea."  *People v. Weeks*, 165 Mich. 362, 365, 130 N.W. 697 (1911) (citations omitted).  The record reflects that defendant was arraigned in district court, he was advised of the charges against him at his preliminary examination waiver hearing, he moved to dismiss the charges, and he appeared before the trial court to reject the prosecution's plea offer.

*People v. Stiehl*, No. 283641, 2009 WL 2951284, at *1-2 (Mich. Ct. App. Sept. 15, 2009).  As stated above, the record indicates that Petitioner was arraigned and advised of the charges against him. In any event, the Michigan Court of Appeals' decision on this issue was not contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.  Therefore, Petitioner is not entitled to relief on this claim.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should be issued if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v.*

3

*Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has considered Petitioner's claim under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a Certificate of Appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 21, 2012 (dkt. no. 31) is **APPROVED AND ADOPTED** as the Opinion of this court, and Petitioner's Objections (dkt. no. 33) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition and Petitioner's Motion for Bond (docket no. 36) are **DENIED.**

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED**.

A separate judgment will issue.

This case is concluded.

Dated:  August 9, 2012        /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE